UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MICHAEL OGIDI-GREGBAJE,

                            Plaintiff,

            -against-

RISEBORO HOUSING; ROMMEY,

                            Defendants.

25-CV-5801 (LLS)

ORDER OF DISMISSAL
WITH LEAVE TO REPLEAD

LOUIS L. STANTON, United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action invoking the Court's federal question

jurisdiction, 28 U.S.C. § 1331. By separate order, the Court granted Plaintiff's request to proceed

*in forma pauperis* (IFP), that is, without prepayment of fees. For the reasons set forth in this

order, the Court dismisses the action for lack of subject matter jurisdiction, with 30 days' leave

to replead.

**STANDARD OF REVIEW**

The Court must dismiss an *in forma pauperis* complaint, or any portion of the complaint,

that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks

monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B);

*see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must

also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised.

*See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to

construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret

them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in

original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits –

to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil

Procedure, which requires a complaint to make a short and plain statement showing that the

pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is

plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially

plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that

the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must

accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79

(2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of

action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating

legal conclusions from well-pleaded factual allegations, the Court must determine whether those

facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id*.

## BACKGROUND

The following allegations are drawn from the complaint. Plaintiff Michael Ogidi-

Gregbaje's claims arose in June 2025, at 315 West 94th Street in Manhattan. Defendant

"Rommey" is a client manager providing services through RiseBoro Housing. Rommey and an

individual named Jason recorded Plaintiff without his consent and later played the recording

back to him on a cellphone. They said that they recorded Plaintiff's voice "because of the noise."

(ECF 1 at 6.) Plaintiff contends that recording him violated New York Penal Law 250.05, and

infringed his right to privacy.

Plaintiff brings suit against Defendants RiseBoro Housing and "Rommey," seeking $200

million as damages. He asserts claims for a violation of his right to privacy under New York

Civil Rights Law §§ 50 and 51, and claims under New York Penal Law § 250.05.

## DISCUSSION

The subject matter jurisdiction of the federal district courts is limited and is set forth generally in 28 U.S.C. §§ 1331 and 1332. Under these statutes, federal jurisdiction is available only when a "federal question" is presented or when plaintiff and defendant are citizens of different states and the amount in controversy exceeds the sum or value of $75,000. "'[I]t is common ground that in our federal system of limited jurisdiction any party or the court *sua sponte*, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction.'" *United Food & Com. Workers Union, Local 919, AFL-CIO v. CenterMark Prop. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994) (quoting *Manway Constr. Co., Inc. v. Hous. Auth. of the City of Hartford*, 711 F.2d 501, 503 (2d Cir. 1983)); *see* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative . . . .").

## A.    Federal Question Jurisdiction

Courts can exercise federal question jurisdiction when a plaintiff's claims arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case arises under federal law if the complaint "establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Bay Shore Union Free Sch. Dist. v. Kain*, 485 F.3d 730, 734-35 (2d Cir. 2007) (quoting *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 690 (2006)). Merely invoking federal jurisdiction, without pleading any facts demonstrating a federal law claim, does not create federal subject matter jurisdiction. *See Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1188-89 (2d Cir. 1996).

Plaintiff invokes the Court's federal question jurisdiction, but he relies on New York civil and criminal laws, not federal law. Although the U.S. Constitution protects a right to privacy in limited circumstances, the facts alleged do not implicate rights arising under the U.S. Constitution or other federal law.[1] Plaintiff's claims, which are for alleged violations of New York Civil Rights Law §§ 50 and 51, and New York Penal Law § 250.05, do not provide any basis for the exercise of federal question jurisdiction.[2]

## B.    Diversity Jurisdiction

Plaintiff also does not allege facts demonstrating that the Court has diversity jurisdiction of this action. To establish jurisdiction under 28 U.S.C. § 1332, a plaintiff must first allege that the plaintiff and the defendant are citizens of different states. *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998). For diversity purposes, an individual is a citizen of the State where he or she is domiciled, which is defined as the place where a person "has his [or her] true fixed home . . . and to which, whenever he [or she] is absent, he [or she] has the intention of returning." *Palazzo ex rel. Delmage v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000) (internal quotation marks and citation omitted). A corporation is a citizen, for purposes of diversity jurisdiction, "of every State and foreign state by which it has been incorporated and of the State or foreign state where it has

---

[1] The Due Process Clause of the Fourteenth Amendment to the U.S. Constitution protects a privacy interest in certain personal information from government intrusion, but Plaintiff's allegations do not suggest that Defendants encroached on any constitutionally protected interest in personal information, or that any state actor was involved. *See, e.g., Whalen v. Roe*, 429 U.S. 589, 599 (1977) ("[T]he zone of privacy protects the individual interest in avoiding disclosure of personal matters."); *Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties."). The Court therefore will not liberally construe the complaint as asserting a claim under 42 U.S.C. § 1983 for a violation of Plaintiff's rights under the Fourteenth Amendment.

[2] The Court also notes that a private party cannot prosecute criminal charges. *See Leeke v. Timmerman*, 454 U.S. 83, 87 (1981) ("[T]he decision to prosecute is solely within the discretion of the prosecutor.").

4

its principal place of business." § 1332(c)(1); *see also Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010) (a corporation's principal place of business is its "nerve center," usually its main headquarters). In addition, to establish diversity jurisdiction, a plaintiff must allege to a "reasonable probability" that the claim is in excess of the sum or value of $75,000.00, the statutory jurisdictional amount. *See* 28 U.S.C. § 1332(a); *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006) (citation and internal quotation marks omitted).

Plaintiff does not invoke the Court's diversity jurisdiction or plead facts about the citizenship of the parties. Moreover, he lists addresses for all parties in New York, suggesting that the citizenship of the parties is not diverse. Plaintiff thus has not satisfied his burden of showing that the Court has diversity jurisdiction of this matter.

## C.    Leave to Amend

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Moreover, a district court generally should allow a *pro se* plaintiff an opportunity to amend a complaint in order "to drop dispensable nondiverse defendants whose presence would defeat diversity of citizenship." *Jaser v. New York Prop. Ins. Underwriting Ass'n*, 815 F.2d 240, 243 (2d Cir. 1987). It is unclear if Defendant Rommey resides in New York, or if he is a citizen of a State other than New York, in which case Plaintiff and Defendant Rommey might have diverse citizenship.

The Court therefore grants Plaintiff 30 days' leave to amend his complaint to detail his subject matter jurisdiction allegations and replead his claims. If Plaintiff does not file an amended complaint within the time allowed, the Court will direct the Clerk of Court to enter judgment in this action.

**CONCLUSION**

Plaintiff's complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed

for lack of subject matter jurisdiction, Fed. R. Civ. P. 12(h)(3), with 30 days' leave to replead.

The Court directs the Clerk of Court to hold this matter open on the docket until a civil

judgment is entered.

SO ORDERED.

Dated:    August 21, 2025
          New York, New York

                                        _Louis L. Stanton_
                                        Louis L. Stanton
                                        U.S.D.J.