UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MICHAEL OGIDI-GHIGBAJE,

                            Plaintiff,

                -against-                                    25-CV-5801 (LLS)

RISEBORO HOUSING, et al.,                          ORDER OF DISMISSAL

                            Defendants.

LOUIS L. STANTON, United States District Judge:

        Plaintiff, who is proceeding *pro se* and *in forma pauperis*, brings this action alleging that Defendants violated his rights by recording his voice without his consent. By order dated August 16, 2025, the Court held that the federal court lacked subject matter jurisdiction of Plaintiff's complaint, but granted him leave to replead to address deficiencies in his original pleading. Plaintiff filed an amended complaint on September 11, 2025 (ECF 7), and the Court has reviewed it. The action is dismissed for the reasons set forth below.

**STANDARD OF REVIEW**

        The Court must dismiss an *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

        While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

## BACKGROUND

The following facts are drawn from the amended complaint.[1] The events giving rise to Plaintiff's claims took place between January 2025 and June 2025. Plaintiff lived in an apartment operated by Riseboro Housing, at 315 W 94 Street #326, in Manhattan. Manager Rommey and Supervisor Johnny knocked on Plaintiff's door and played a cell phone recording of Plaintiff's voice to him; they also issued him a violation warning.[2] One month later, Rommey and Jason played another recording of Plaintiff "yelling." (ECF 5 at 1.) Plaintiff contends that recording someone without consent is illegal in New York.

Plaintiff cites 18 U.S.C. § 2511(2)(d), and seeks monetary damages of $350 million from Riseboro Housing and its employees for unauthorized recording without his consent.

## DISCUSSION

### A.    Federal claim

Plaintiff relies on Title III of the Omnibus Crime Control and Safe Street Act of 1968, 18 U.S.C. § 2510 *et seq*., arguing that Defendants violated federal law, 18 U.S.C. § 2511(2)(d),

---

[1] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless noted otherwise.

[2] In Plaintiff's original complaint, he alleged that they stated that they recorded his voice "because of the noise." (ECF 1 at 6.)

when they recorded him without his consent to show that he was "yelling" or speaking too loudly.

Injured parties have a private right of action in a civil suit under Title III. *See Modelle v. Fauro*, No. 08-CV-1042, 2010 WL 624023, at *6 (N.D.N.Y. Feb. 18, 2010) (noting that the Act "authorizes a private right of action for any person whose wire, oral, or electronic communication is intercepted in violation of the Act"); *see also Huff v. Spaw*, 794 F.3d 543, 548 (6th Cir. 2015) ("Title III provides injured parties with a private right of action against violators."); *Lonegan v. Hasty*, 436 F. Supp. 2d 419, 427 (E.D.N.Y. 2006) ("The procedures for recovering civil damages are set forth in 18 U.S.C. § 2520.").

As relevant here, the Act generally makes it unlawful to "intentionally intercept[ ]. . . any . . . oral . . . communication." 18 U.S.C. § 2511(1)(a). Not all conversations, however, are protected by Title III. *See Huff*, 794 F.3d at 548 ("Congress did not enact Title III to protect every face-to-face conversation from interception."). For purposes of Title III, an "oral communication" is defined as "any oral communication uttered by a person exhibiting an expectation that such communication is not subject to interception under circumstances justifying such expectation." 18 U.S.C. § 2510(2).

A person engages in protected oral communication only if he exhibits "an expectation of privacy that is both subjectively and objectively reasonable." *Dorris v. Absher,* 179 F.3d 420, 425 (6th Cir. 1999). This assessment parallels the reasonable-expectation-of-privacy test articulated by Justice Harlan in *Katz v. United States,* 389 U.S. 347, 361 (1967) (Harlan, J., concurring); *United States v. Biasucci*, 786 F.2d 504, 510 (2d Cir. 1986) ("[W]hen Congress passed Title III, . . . there is abundant evidence that it specifically intended to adopt the constitutional guidelines announced in . . . *Katz*.").

Plaintiff's allegations, construed in the light most favorable to him, show that he did not exhibit any objectively reasonable expectation of privacy. "Factors to consider in determining whether a reasonable person would have an expectation of privacy in an oral conversation, include whether the conversation could be overheard with the naked ear; the subject matter of the conversation; the volume of the conversation; the proximity or potential of other individuals to overhear the conversation; the potential for communications to be reported; the affirmative actions taken by the speaker to shield his or her privacy; and the need for technological enhancements to hear the communications." 68 Am. Jur. 2d Searches and Seizures § 354. "[C]onversations carried on in a tone of voice quite audible to a person standing outside the home are conversations knowingly exposed to the public." *United States v. Llanes*, 398 F.2d 880, 884 (2d Cir. 1968); *United States v. Fisch,* 474 F.2d 1071, 1077 (9th Cir. 1973) (holding that defendants did not exhibit an expectation of privacy in statements that were "audible to the naked ear" of police in an adjoining hotel room).

Plaintiff alleges that Defendants recorded him using a cellphone on two occasions: (1) they recorded him from outside his apartment unit, and sanctioned him for the noise; and (2) they recorded him when he was "yelling." (ECF 7 at 5.) Even when construed in the light most favorable to Plaintiff, under these circumstances, as a matter of law there could not be an objectively reasonable expectation of privacy in conversations that were audible to the naked ear outside the home, or in communications described as "yelling." *See*, *e.g.*, *United States v. Carroll*, 337 F. Supp. 1260, 1262 (D.D.C. 1971) (holding that where the person who makes a recording "could and did hear [the communication] unaided by an amplifying mechanical device and from an uncontrived position, then it would appear that the Court should hold as a matter of law that the circumstances did not justify the expectation of privacy"). Plaintiff thus was not

engaged in a protected oral communication because he did not have "an expectation of privacy that is both subjectively and objectively reasonable." *Dorris,* 179 F.3d at 425. Plaintiff's allegations that Defendants recorded him yelling thus do not state a claim for intentionally intercepting his protected oral communication, in violation of Section 2511, and the Court dismisses these allegations for failure to state a claim on which relief can be granted.

## B.    State law claims

A district court may decline to exercise supplemental jurisdiction of state law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)).

Having dismissed the federal claims of which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction of any state law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))). Plaintiff's state law claims are therefore dismissed, without prejudice to his refiling them in state court.

## C.    Leave to Amend

District courts generally grant a *pro se* plaintiff leave to amend a complaint to cure its defects, but leave to amend may be denied if the plaintiff has already been given an opportunity to amend but has failed to cure the complaint's deficiencies. *See Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because

the defects in Plaintiff's amended complaint cannot be cured with a further amendment, the Court declines to grant Plaintiff another opportunity to amend.

## CONCLUSION

The federal claim in Plaintiff's amended complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and the Court declines supplemental jurisdiction of the state law claims, 28 U.S.C. § 1367(c)(3).

The Court directs the Clerk of Court to enter judgment.

SO ORDERED.

Dated:    September 22, 2025
          New York, New York

*Louis L. Stanton*
Louis L. Stanton
U.S.D.J.